## THE FALL CREEK AND WARREN TOWNSHIP GRAVEL ROAD COMPANY ET AL. *v.* WALLACE ET AL.

TURNPIKE.—*Completed Road.—Assessment.*—The fact that a gravel road had been completed, except one-fourth of a mile, prior to the act of May 14th, 1869 (Acts 1869, Spec. Sess. 73), is not a sufficient reason for enjoining the collection of an assessment to complete the same. That act, as well as the act on the same subject approved March 11th, 1867, was intended for the relief of roads which had been partly constructed before its passage, as well as for those which should be wholly constructed after its passage.

SAME.—*Subscribers.—Assessment.*—Where a portion of the persons assessed have subscribed and paid toward the construction of a gravel road, they are entitled to credits on their assessments, as the same fall due, equal to the amounts so paid, and are not required to pay their assessments until other persons assessed, not subscribers, have paid as much, in proportion, on their assessments, as such subscribers have paid on their subscriptions.

APPEAL from the Marion Circuit Court.

DOWNEY, J.—This was a suit brought by the appellees against the appellants to enjoin the collection of certain assessments made upon the lands of the appellees for the benefit of said gravel road company. There was judgment in the circuit court for the plaintiffs, and the defendants appealed. They have assigned as errors, first, the overruling of a demurrer to the complaint; and second, the refusal to grant a new trial.

The complaint alleges that the said company is, and for five years has been, a corporation, duly organized under the laws of the State, for the purpose of constructing and operating a gravel road; that the company did construct all of its road, except about one-fourth of a mile of one end thereof, and operated the same, and collected tolls thereon, for three years prior to the 18th day of June, 1869; that on that day the said company petitioned the board of commissioners of Marion county, etc., to cause an assessment of benefits to the land within the limits of one and a half miles on each side and either end of said road, as well the lands along that part of said road which was completed as the part which was not completed, under the act of 1869, for the construction and maintenance thereof, representing that said road had a good and solvent subscription of three-

fifths of the estimated cost of said road; that the board thereupon appointed assessors, etc., who, on the 31st day of August, 1869, returned a list of the lands within said limits, as well on that part of the road which had been completed as the part thereof which had not been completed, together with their assessments against the same respectively; that the plaintiffs are severally the owners of real estate within said limits, included in said list and assessment, giving a particular description of each one's land, and the assessment thereon. The complaint then alleges that the assessment is illegal, because the statute only authorizes such assessments for the construction and maintenance of a new road, and not to reimburse parties for the cost of construction of a road already made; and the road for which said assessment was made had been constructed for four years before said assessment was asked for or made, except said one-fourth of a mile at one end thereof; and the said assessment was made on all the lands within the limits of one and a half miles on either side of the same for the entire length thereof, and on the lands within the same distance of each end thereof; that is, the said assessment was made for the construction of the whole length of the entire line of said road, as well for that portion that had been and was completed as aforesaid as for the one-fourth of a mile that was not yet completed, and on the lands on each side and each end of said whole length of line of said road between the limits aforesaid, as well along the part that had been, as along the part that had not been, completed, which, it is alleged, was an attempted fraud upon the statute; that the auditor has placed one-third of said assessment against the several tracts of land belonging to them on the tax duplicate, etc., and will continue to place the residue on the duplicate of succeeding years, if not enjoined; wherefore, etc.

The objection made to the assessment is stated in the complaint. It is, that under the act of 1869, an assessment of benefits cannot be made upon lands along a road which has been partly constructed, but only on lands along a road

on which no work has been done. We are not of this opinion. The act in question, as well as its predecessor, the act of March 11th, 1867, was intended, we think, for the relief of roads which had been partly constructed, as well as those which should be wholly constructed after the enactment of those statutes. Indeed, it was a serious question whether the act of 1867 did not apply exclusively to companies organized prior to the passage of the act. It provided, "that any organized plank, macadamized, or gravel road company" might proceed under the act. But this court decided, in *Turner* v. *The Thorntown, etc., Gravel Road Company,* 33 Ind. 317, that the act applied to corporations organized after, as well as before, the enactment of the statute. The act of 1869, by its terms, applies to companies organized, or that might thereafter be organized, etc. These turnpike companies are all organized under the act of May 12th, 1852, and amendments thereto. 1 G. & H. 474. They are organized by obtaining subscriptions of stock to a specified amount and taking certain other specified steps. When an assessment has been made, and is to be collected, any person who has "subscribed and paid any such company any sum of money shall be entitled to a credit on his assessment, as the same falls due for collection, equal to the amount so paid," etc. Act of 1867, section 4; Act of 1869, section 5. No other person than one having thus subscribed and paid can be thus credited, nor can assessments be made and collected to raise money to be used for other purposes than those specified in the act. If a hundred men have been assessed, and seventy-five of them have subscribed and paid toward the construction of the road, the seventy-five do not have to pay again, in consequence of the assessment, until the other twenty-five have paid as much in proportion on their assessments as the seventy-five have paid on their subscriptions. The company cannot collect any more than enough "to construct the road and pay all legitimate expenses." Act of 1869, section 4. We think, then, that the fact that the road had all been completed, except one-fourth

of a mile, is not a sufficient reason for enjoining the collection of the assessments made to complete the same.

The same question is discussed under the second assignment of error.

The judgment is reversed, with costs, and the cause remanded, with instructions to sustain the demurrer to the complaint.

*J. E. McDonald, J. M. Butler,* and *E. M. McDonald,* for appellants.

*N. B. Taylor* and *E. Taylor,* for appellees.