THE VILLAGE OF ONEIDA, Respondent, *v.* THE BOARD OF SUPERVISORS OF MADISON COUNTY, Appellant.

Under the provisions of the act of 1874 (Chap. 296, Laws of 1874), subjecting the property of the N. Y. & O. M. R. R. Co. to taxation, which provide that county taxes collected upon property of said company used or held by it in any of the towns or municipalities which have issued bonds in aid of the construction of the company's road, shall be appropriated to and paid over to them respectively to be applied in payment of said bonds, "a village which has issued such bonds, is entitled to the county taxes assessed and collected upon the property of the company within the municipality, although no tax for county purposes is levied upon the village as distinct from the town of which it is a part, and it has

no separate relation to the county treasurer in the payment of county taxes."

The purpose of the act is to give any municipality that has issued such bonds the benefit of the taxes arising upon property of the company within it.

Where county taxes collected upon property of a railroad company in a village, had been paid over to the county treasurer and by him paid out for general county purposes, *held,* that an action was properly brought by the village against the board of supervisors of the county to recover the sums so paid.

Also *held,* that in such an action the county was not entitled to question the validity of the village bonds.

(Argued December 5, 1892; decided December 20, 1892.)

Appeal from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made October 8, 1891, which directed a judgment in favor of plaintiff upon a case submitted under section 1279 of the Code of Civil Procedure.

Plaintiff seeks to recover in this action certain claims for taxes. The facts, so far as material, are stated in the opinion.

*John E. Smith* and *Charles A. Hitchcock* for appellant. The plaintiff, the village of Oneida, is not entitled to recover of the defendant, the board of supervisors of Madison county, or the county of Madison. Its remedy, if any, is an action to recover the amount of such taxes against the collector of the town of Lenox, who received such sums, or the sureties on his bond. (Laws of 1884, chap. 296.) The action for the recovery of said sums, if maintainable at all, should be brought against the collector who collected the same or the sureties on his bond. (Laws 1874, chap. 296, § 3.) The village of Oneida is not entitled to the county taxes collected during any year upon the assessed valuation of that part of said railroad lying within its corporate limits, for the reason that the bonds issued by the village to aid in the construction of said railroad, were unauthorized, and are void, and the payment of the principal or interest thereof by the village is purely voluntary. (Laws 1866, chap. 398, § 1; Laws of 1874, chap. 296.)

*B. A. Ransom* for respondent.   Chapter 296 of the Laws of 1874 is constitutional.  (*In re Clark* v. *Sheldon,* 106 N. Y. 104; *Bridges* v. *Bd. Suprs.,* 92 id. 570; *Strough* v. *Bd. Suprs.,* 119 id. 212.)   The county of Madison is liable to the plaintiff for the sums collected for county taxes and paid out by the county treasurer for the benefit of the county and for interest thereon.  (*Newman* v. *Bd. Suprs.,* 45 N. Y. 677; *Bridge* v. *Bd. Suprs.,* 92 id. 570; *Strough* v. *Bd. Suprs.,* 119 id. 212; *Roberts* v. *Ely,* 113 id. 128; *Chapman* v. *Roberts,* 123 id. 532.)

PECKHAM, J.   The village of Oneida is a municipal corporation created under the laws of this state and forms part of the town of Lenox in Madison county.   It is averred in the statement of facts agreed upon that commissioners were duly appointed for the village by the county judge in 1868, pursuant to the provisions of chapter 398 of the Laws of 1866, and they or their successors in office duly appointed, have continued in office from that time.   On or about July 1, 1868, the commissioners borrowed upon the faith and credit of the village $31,000, and duly executed bonds therefor as provided by section 2 of the above-cited act, and the money thus borrowed was paid by the commissioners to the officers of the New York & Oswego Midland Railroad Company and was by them used in the construction of the railroad.

These bonds are still outstanding.   Prior to the passage of the act chapter 296 of the Laws of 1874, the property of the railroad company was exempt from taxation.   The first section of that act repealed all laws exempting such property from taxation and enacted that all the real and personal property of the corporation should thereafter be subject to taxation.

The second and third sections of the act of 1874, read as follows:

" § 2. All monies to be collected upon the real and personal property of said corporation, and upon said real property now or hereafter used or held, or which may hereafter be used or held by any receiver, or successor of said corporation for

county taxes in any of the towns or municipalities, by which bonds have been issued in aid of the construction of the New York & Oswego Midland railroad, are hereby appropriated to said towns or municipalities respectively, and shall be paid over to the commissioners of such towns or municipalities appointed pursuant to an act entitled 'An act to facilitate the construction of the New York & Oswego Midland railroad, and to authorize towns to subscribe to the capital stock thereof, passed April fifth, one thousand eight hundred and sixty-six,' or any act supplemental thereto or amendatory thereof, and the said moneys shall be by said commissioners expended for and applied to the payment of the interest on said bonds, or to the principal thereof.

"§ 3. It shall be the duty of the collector of taxes of each such town or municipality to pay over to the said commissioners of his own town or municipality the amounts of the county taxes collected by him from the said corporation, or the real and personal property thereof, within five days from the time the same is collected; and the said commissioners shall give to the said collectors a receipt for the amount of the county taxes so received, which said receipt shall be returned to the treasurer of the county in which the said collector shall reside."

The case also contains the statement in substance that from the year 1882 to the year 1889, both inclusive, the board of supervisors of Madison county levied upon the town of Lenox for county purposes a certain named sum in each year as a tax, which was duly collected by the town collector from the taxable inhabitants and property of the town and by him paid over to the county treasurer, and that of the said tax and being a part thereof there was in each year levied and collected from that part of the railroad running through the village of Oneida a certain named sum which was paid by the collector of said town to the county treasurer and no part thereof was ever paid to the commissioners of the village, but it was paid out by the treasurer for general county purposes on the first day of June in each year respectively, commencing with the

first of June, 1883, for the tax of 1882, and ending with the first of June, 1890, for the tax of 1889.

The question is, whether the village of Oneida is entitled to these moneys under provisions of sections 2 and 3 of the act of 1874. The Supreme Court has held that the village is entitled to such moneys, excepting that portion which was paid out by the county treasurer in 1883 and 1884, more than six years prior to submitting this case for decision, and as to that portion the court held the village was barred from a recovery by the Statute of Limitations. The plaintiff has not appealed from the judgment and the question of the bar of the statute does not enter into the controversy.

The defendant objects to the recovery on the ground that no tax for county purposes was ever levied upon the village of Oneida as a distinct municipality for the reason that the village is a part of the town of Lenox and has no separate relation to the county treasurer in the payment of county taxes. It is urged that it is the town that pays such taxes, and no municipality as such which is within the town and forms a part thereof pays any county tax other than as a part of such town.

We think the purpose of the act is entirely clear. It was enacted in order that any municipality that had issued bonds in aid of the railroad therein mentioned, should have the benefit of the taxes arising upon the property of the company situated within such municipality for the payment to the extent of such taxes of the interest and principal of such bonds. No reason can be imagined why a village which had issued such bonds should not have the benefit of these taxes. It is a municipality and it therefore comes directly within both the language and purpose of the act, and the fact that it also forms a portion of a town does not, in this instance, in the least affect the question. It is true that the village does not as a village pay a county tax, but a proportionate amount of money for such tax is raised upon the property of the railroad company therein and forms part of the amount paid in the town for county taxes.

The objection of the defendant goes more to the method or means of carrying out the plain intention and purpose of the act than it does to its construction. In this particular case it is as we think fully obviated by the facts agreed upon, which show the specific sums actually paid in each year by the railroad company upon its property within the village, and hence the exact sum thus paid may be directed to be repaid.

In any event, however, we think the objection does not form an insuperable obstacle to the enforcement of the act even in a case where the municipality as such makes no separate payment of county taxes apart from the town of which it forms a portion.

In this case the parties have arrived by some method at the exact sum which the railroad company has paid for county taxes upon its property within the village, and we have no doubt such fact can always be arrived at with reasonable certainty. There are the assessors' books of the town and from them it is probably not at all difficult to ascertain what property of the company was situated in the village, and how much it was assessed for, and what proportion such assessment bore to the total assessment upon the property of the company within the town which included the village, and from these and other data readily obtainable, the exact amount could be easily ascertained. This amount being once determined, the other provisions of the act may be readily carried out in the case of this village as well as if it were the case of a town alone.

We are disposed to construe the act liberally with a view to carry out its object, which is plainly manifest by the language actually used, and we ought not to permit such object to fail in the case of any municipality because the act does not specifically point out the method of procedure, so long as the facts to be ascertained are capable of ascertainment without any violation of the letter or spirit of the enactment.

It is asked which municipality should obtain the benefit of the act in case the town of Lenox and the village had each issued bonds. The question does not arise here and that fact is enough upon which to base a refusal to decide it.

Even if a case might be imagined where it would be diffi-
cult, if not impossible, to carry out the provisions of the act,
such case forms no reason for our refusal to enforce the act
in those cases where no such trouble exists and where its pro-
visions are sufficiently plain and explicit to admit of its being
fully executed.

The defendant raises the question that the bonds of the
village were not authorized to be issued.

The case admits that they were duly issued by commis-
sioners duly appointed. It is no business of the county to
raise any such objection. The village keeps its faith and
makes no intimation of the invalidity of its bonds and pays its
interest thereon. We see no reason for holding them to be
invalid. The legislature would seem to have recognized the
validity thereof and provided a means for forming a fund for
their payment.

The only other question made is one in regard to parties.

We think the village had the right to maintain the action
against the defendant and the judgment should, therefore, be
affirmed, with costs.

All concur.

Judgment affirmed.