Town of Newbold, Respondent, vs. Douglas, County
Treasurer, Appellant.

*September 27—October 18, 1904.*

*Taxation: Collection of delinquent taxes: Cause of action: Parties:
County treasurer: Judgments: Exceptions, when not necessary:
Appeal and error.*

1. When a county treasurer, in his official capacity, has moneys
in his hands belonging to a town, representing the proceeds of
delinquent taxes returned by the town and afterwards collected,
the remedy for its collection is not against the treasurer but by
action against the county as for money had and received.

2. The pleadings and findings in an action must show a state of
facts from which the legal liability which is embodied in the
judgment necessarily follows, or the judgment will be reversed
notwithstanding the absence of exceptions.

[3. Whether in a proper action by a town against a county for
delinquent taxes returned by the town, and afterwards col-
lected, the five per cent. collection fees under sec. 1112, Stats.
1898, the five per cent. interest under sec. 1129, the twenty-five
cents advertising fee on each parcel under sec. 1133, the twenty-
five cents for a certificate fee on each certificate of sale under
sec. 1196, and the fifteen per cent. interest on each certificate
of sale of lands bid in by the county from the date of sale to
the date of assignment or redemption under secs. 1165 and
1192, are properly allowable to the town, not determined.]

Appeal from a judgment of the circuit court for Oneida
county: W. C. Silverthorn, Circuit Judge. *Reversed.*

*Sam S. Miller,* for the appellant.

*A. W. Shelton,* for the respondent.

Winslow, J. This is an action for money had and re-
ceived. It was alleged in the complaint and shown by the
evidence that the delinquent real-estate taxes returned by the
town treasurer of the plaintiff town to the defendant as
county treasurer in both the years 1901 and 1902 exceeded
the county tax imposed on the town for both of said years,

and that the defendant afterwards collected, by sales of said real estate, all of said delinquent taxes, with interest and charges, but failed to pay over to the town all of the excess. The court found that the amount of the excess due the town, exclusive of interest, fees, and expenses, was $714.19, and found that the town was entitled to recover this sum, together with five per cent. collection fees, under sec. 1112, Stats. 1898, five per cent. interest under sec. 1129, twenty-five cents for an advertising fee on each parcel under sec. 1133, twenty-five cents for a certificate fee on each certificate of sale under sec. 1196, and fifteen per cent. interest on each certificate of sale of lands bid in by the county from the date of sale to the date of assignment or redemption under secs. 1165 and 1192. Judgment was entered for the plaintiff for the aggregate of these sums, and the defendant appeals.

It is very clear to our minds that the complaint does not allege, nor do the findings find any facts which justify, this judgment against the defendant. He is simply holding the money in his official capacity. In the eye of the law the money is in the possession of the county through its treasurer, and if it belongs to the plaintiff the county should be sued, not the officer. The language used in *State ex rel. School Directors v. Nelson,* 105 Wis. 111, 80 N. W. 1105, is quite applicable here, viz.:

"The right of the relators is one *against the county,* is based on implied contract to repay the money had and received to the relator's use, and would support a direct legal action but for the statute requiring claims against counties to be presented to the county board, and brought into court only by appeal."

It is true that in that case the action was an action of *mandamus* against the county treasurer, and the duty to turn over the moneys in question arose from common-law principles, and not from statute, but these facts make no difference with the principle laid down by the court, namely, that,

where a county treasurer in his official capacity has moneys in his hands belonging to another, the remedy is by action against the county as for money had and received. This principle seems to our minds self-evident and fundamental. If a municipal treasurer is liable to be sued individually in every such case, the office will surely become a very onerous and undesirable one. In legal contemplation the county holds the money, and hence the county should be sued. Of course, if the governing body has directed its treasurer to pay over the money, so that nothing remains to be done save the ministerial act of handing over the money, that act may be enforced by *mandamus;* but that is not the case here. Upon the argument of the case this point was suggested to respondent's counsel, and he was understood to refer to the case of *Crandon v. Forest Co.* 91 Wis. 239, 64 N. W. 847, as justifying the present action against the treasurer instead of against the county. The points decided in that case were that for the tortious act of the county board in remitting valid town taxes the county was not liable to the town, but that the treasurer's duty was to proceed and collect the tax if valid; and he could be compelled so to do, or to respond in damages for his failure. It requires nothing more than the mere statement of these propositions to show that they have no bearing on the present question. It is a familiar principle that the pleadings and findings must sustain the judgment; that is, they must show a state of facts from which the legal liability which is embodied in the judgment necessarily follows, or the judgment will be reversed, notwithstanding the absence of exceptions. *Blossom v. Ferguson,* 13 Wis. 75; *Optenberg v. Skelton,* 109 Wis. 241, 85 N. W. 356.

It is true that no error is assigned in the appellant's brief to that part of the judgment which directs the recovery of the principal sum of the excess, but only to that part which awards interest and charges; but as one recovery is equally unwarranted as the other, and the appeal is from the entire

judgment, we have concluded to reverse *in toto*. The question whether the various sums of interest and charges are properly allowable to the town in a proper action against the county is an interesting one, but it cannot be determined here.

*By the Court.*—Judgment reversed, and action remanded with directions to dismiss the complaint.