[Civil No. 2814. Filed October 21, 1929.]

[281 Pac. 465:]

MARICOPA COUNTY MUNICIPAL WATER CONSERVATION DISTRICT NUMBER ONE, a Municipal Corporation, Appellant, v. J. K. WARD, as Treasurer of Maricopa County, Arizona, and Ex-Officio Treasurer of MARICOPA COUNTY MUNICIPAL WATER CONSERVATION DISTRICT NUMBER ONE, Appellee.

542

See Counties, 15 C. J., sec. 284, p. 583, n. 49.
Waters, 40 Cyc., p. 824, n. 58.

Messrs. Hayes, Stanford, Walton, Allee & Williams, for Appellant.

Mr. Henry J. Sullivan, Mr. Austin O'Brien and Mr. Wm. C. Eliot, for Appellee.

ROSS, J.—This is an action in *mandamus* brought by the plaintiff irrigation district to compel the defendant, as treasurer of Maricopa county and *ex-officio* treasurer of plaintiff, to pay over to plaintiff $4,633.88, its proportionate amount of the four per

cent fees collected by defendant from delinquent taxpayers of said irrigation district for the year 1927.

Omitting the formal parts of the complaint, the cause of action is described therein as follows:

"That on the 25th day of November, 1927, the defendant in the due performance of the duties enjoined upon him by law, as *ex officio* treasurer of the plaintiff district, collected a large amount of delinquent taxes on behalf of the plaintiff district with the interest accrued thereon and the 4 per cent. costs or fees thereon as required by statute, and thereafter on the 11th day of January, 1928, duly entered upon his records the taxes so received by him. Said defendant duly paid over and accredited to this plaintiff the entire principal sum of delinquent taxes so collected, as aforesaid, with the interest accrued thereon, but in violation and disregard of the duties specifically enjoined upon him by law to pay over to the plaintiff district the costs of such collections, consisting of the 4 per cent. fees collected therein, the defendant paid such sum, amounting to the aggregate or total sum of $4,633.88, into the general fund of Maricopa county, Arizona.

"That the defendant has been duly requested to pay said sum over to the plaintiff district, but notwithstanding such request the defendant has declined and refused to so pay over and credit the plaintiff district with said sum of $4,633.88."

The defendant demurred to the complaint for insufficient facts to state a cause of action. The assignments and arguments on appeal proceed on the theory that the only question is as to whether the county of Maricopa was entitled to all of the four per cent penalty or to its proportionate share. The demurrer was sustained, indicating that the trial court was of the opinion that the county was under the law entitled to all of the penalty for delinquency. The basis for such conclusion is evidently drawn from paragraph 4924 of the Civil Code of 1913, reading as follows:

544

"Fees shall be charged for services rendered in the collection of delinquent taxes under the provisions of this act, as follows:

"By the county treasurer for collection, four per cent. of all sums collected after the second Monday of December, and for making the 'back tax book,' fifteen cents for each tract of land or town lot, separately assessed, to be taxed as costs and collected from the party redeeming such tract or town lot.

"By the superior court clerk, the sheriff, and the printer, such fees as are allowed by law for like services in civil cases, which shall be taxed as costs in the case; provided, that in no case shall the state or county be liable for any such costs, except printing, nor shall the county board of supervisors allow any claim for any costs incurred by the provisions of this act, except printing in cases where no sale is made. In such cases the printing shall be a legal charge against the county. All fees collected by any county officer under the provisions of this act shall be by him paid to the county treasurer for the benefit of the general fund of the county, taking the county treasurer's receipt therefor in duplicate, one of which he shall retain; the other must be filed with the clerk of the board of supervisors."

This paragraph is found in chapter 7, title 49, treating of state and county delinquent taxes and their collection, and expressly provides that all fees collected thereunder shall be paid to the county treasurer for the benefit of the general fund of the county. This would include fees paid on account of services by the officers named and for printing, as also the four per cent of all sums collected by the treasurer from the delinquent taxpayer; that is, the delinquent taxpayer must pay all costs occasioned by his default, and in addition thereto he must pay his county and state taxes and interest thereon, plus four per cent thereof for the benefit of the county general fund.

Defendant also contends that paragraph 4942 of the Civil Code, reading, "All fees collected hereunder by any officer shall be by him paid to the county treas-

urer, . . . " is susceptible of a like construction. But it will be observed only fees collected "hereunder"—that is, under title 49 of the Civil Code—are mentioned in paragraph 4942, *supra*. It does not, nor does paragraph 4924, *supra,* refer to fees collected under the irrigation district laws by an officer of such district.

The different acts of the legislature providing for the organization of irrigation districts authorize such districts to exercise the taxing power of the state for the purposes of their existence. Instead of the property of the irrigation district being listed, valued, assessed and equalized by its own officers, the tax machinery of the state and county is employed to do that work. The amount of taxes on each piece of real property in the district is computed and extended on the county and state tax roll, under the supervision and direction of the county and state taxing officers, and is collected at the same time and in the same manner, and receipted for upon the same receipt and by the same officer, to wit, the county treasurer, who by each of such acts is made *ex-officio* treasurer of the irrigation districts in his county.

The defendant Ward (and his successor in office) is treasurer of the plaintiff irrigation district by virtue of his office, and is by the different acts required to receive and safely keep the funds of the irrigation district, whether raised by taxation or otherwise. Chapter 4, title 55, Civil Code of 1913, entitled "Irrigation Districts"; chapter 8, Second Special Session of the Second Legislature, Laws 1915; and chapter 149, Laws 1921, as amended (Laws 1922, chaps. 6, 36; Laws 4th Sp. Sess. 1927, chap. 28). These different acts cover the same subject matter, and each repeals the preceding one; the present law being chapter 149, as amended *supra*. These acts provide a method by which irrigation districts may raise taxes to carry

on, and recognize that the taxes levied and assessed against the real property therein will not all be paid within the time and in the manner provided by law. Without providing specifically for such a situation, by reference these acts adopt the provisions of the general revenue laws concerning delinquencies, penalties, etc. This is taken care of in the first of such acts (chapter 4, title 55, Civil Code, *supra*) by paragraph 5392 of the Civil Code of 1913, which reads as follows:

"The revenue laws of this state for the assessment, levying and collection of taxes on real estate for county purposes, except as herein modified, shall be applicable for the purposes of this chapter, including the enforcement of penalties and forfeitures for delinquent taxes."

The provision in that regard, found in chapter 8, Laws Second Special Session of 1915, *supra,* is set forth in section 17 thereof. While different language is employed, we believe it means practically the same as paragraph 5392, *supra.* The same may be said of the same provision in chapter 149, Laws of 1921, *supra,* section 17, as amended by section 2 of chapter 36, Laws of 1922.

That the legislature intended the irrigation district should have its proportionate share of the penalties and interest upon delinquent taxes, we believe, is clearly shown in section 15 of chapter 149, *supra,* wherein is found this language:

"When so levied such district taxes shall become and be a lien to the amount thereof upon the real estate assessed therewith, which lien shall continue until such taxes and all penalties and interest therein are paid."

It is obvious the defendant came into possession of the irrigation district's taxes, the delinquent as well as those paid before delinquent, from the fact that he is treasurer of the district. He accounted to

the district for such taxes, and also, as the complaint states, for the interest on taxes paid after due. He cannot, as *ex-officio* treasurer of the plaintiff district, surrender any of its rights to himself as treasurer of the county of Maricopa. If he pays over to the county any of the taxes or interest or penalties due or becoming due the plaintiff district, it must be because the legislature has expressly and directly authorized him to do so. The following is well supported by the authorities:

"Unless otherwise directed, interest, penalties, and costs collected on delinquent taxes follow the tax, and go to the state, county, or city, according as the one or the other is entitled to the tax itself; and in such cases where two or more of these are interested in the tax, such interest and penalties should be apportioned among them in the ratio of their respective shares of the tax. But the Legislature may change this rule and dispose otherwise of interest or penalties." 37 Cyc. 1594.

We think the provision in chapter 149, Laws of 1921, as well as in the two previous acts on the same subject, concerning delinquent taxes, could be paraphrased, without doing violence to the legislative intention therein expressed, as follows:

"The taxes hereunder shall become delinquent and shall be collected and enforced in the same manner and at the same time, together with the same penalties, as county and state taxes, and the penalties when collected shall belong to the district."

Paragraph 4924, *supra,* relied upon by defendant as authorizing the county to retain all of the penalties for delinquencies, that on district taxes as well as on county and state, does not so state, in direct terms nor by implication. It does give to the county the penalty on county and state taxes, or taxes collected "under the provisions of this act"—the general revenue act —and thereby by implication is denied to the county

the penalty on irrigation district taxes. The irrigation district penalties are governed by the general rule and belong to the taxing unit to which the tax belongs.

We think, under the admitted facts, the sum sued for belonged to plaintiff, and should have been paid to it instead of into the county treasury. We think the complaint states a cause of action, and that it was error to sustain the demurrer.

The judgment is therefore reversed and the cause remanded, with directions that further proceedings be had in accordance herewith.

LOCKWOOD, C. J., and McALISTER, J., concur.