[Civil No. 4053. Filed June 5, 1939.]

[91 Pac. (2d) 257.]

MARICOPA COUNTY MUNICIPAL WATER CONSERVATION DISTRICT NUMBER ONE, an Irrigation District, Appellant, v. ED OGLESBY, as Treasurer of Maricopa County, Arizona, and *Ex-officio* Treasurer of MARICOPA COUNTY MUNICIPAL WATER CONSERVATION DISTRICT NUMBER ONE, Appellee.

Messrs. Hayes & Allee, for Appellant.

Mr. Richard F. Harless, County Attorney, and Mr. Leslie C. Hardy, his Deputy, for Appellee.

Mr. Chas. H. Reed, for San Carlos Irrigation & Drainage District, *Amicus Curiae.*

LOCKWOOD, J.—Maricopa County Municipal Water Conservation District No. 1, hereinafter called plaintiff, brought an action in *mandamus* against Ed Oglesby, as treasurer of Maricopa county and as *ex-officio* treasurer of plaintiff, hereinafter called defendant, asking that he be compelled to pay over to plaintiff, and credit to the fund of plaintiff which was in his possession as such *ex-officio* treasurer, the sum of $7,318.39, being interest upon delinquent taxes of plaintiff and which had been collected by defendant in his capacity as county treasurer. An alternative writ was issued, and in his reply defendant demurred to the complaint, which demurrer was sustained by the

court. Plaintiff electing to stand on the complaint as filed, judgment of dismissal was rendered, and this appeal taken.

The only question at issue is whether the laws of Arizona, as they existed during the times referred to in plaintiff's complaint, authorize and sanction the payment of interest on delinquent taxes due the plaintiff and collected by the defendant as county treasurer, to the general fund of Maricopa county.

Irrigation districts, such as plaintiff, were first established by chapter 67, Session Laws of 1912, which chapter was carried forward in substance as chapter 4 of title 55 of the Code of 1913. Section 5388 of that Code provided for the raising of money by taxation to meet the expenses of operating the districts. The tax was to be levied upon the real estate only in the district, and instead of being the ordinary *ad valorem* tax, based on the true value of the land, it was in effect an acreage tax, for all land in the district subject to the tax was required to be valued at the same rate per acre. The amount required was certified by the directors of the district to the board of supervisors, and the latter body made the levy, which was collected by the county treasurer, and when collected by him was credited to the special fund of the district, of which he was made *ex-officio* district treasurer. Section 5392 provided:

"The revenue laws of this state for the assessment, levying and collection of taxes on real estate for county purposes, except as herein modified, shall be applicable for the purposes of this chapter, including the enforcement of penalties and forfeitures for delinquent taxes."

At that time chapter 7 of Title 49 of the Code of 1913 dealt with delinquent taxes. Section 4924 thereof provided that certain fees should be charged for the collection of these taxes, and that

" . . . All fees collected by any county officer *under the provisions of this act shall* be by him paid to the county treasurer for the benefit of the general fund of the county, taking the county treasurer's receipt therefor in duplicate, one of which he shall retain; the other must be filed with the clerk of the board of supervisors." (Italics ours.)

In 1917 our revenue system was amended by chapter 37 of the regular session to provide that the taxes for all municipalities not operating under special charters, which had theretofore been assessed, levied and collected in the manner provided by the local ordinance, should be assessed and collected by the county treasurers in the same manner as state and county taxes. The only thing which the municipalities had to do was to compute and levy the rate necessary to raise the amount of revenue which they desired, and to certify it to the board of supervisors, and to receive the amount collected by the county treasurer on such rate. The duty of the treasurer as stated by section 11 of the chapter was as follows:

"It shall be the duty of the county treasurer to pay over to the treasurer of each city, town or other municipal corporation in his county, on the first day of each month in each year, all money in his hands collected for the previous month on taxes for each such city, town, or other municipal corporation, and on or before the first day of January in each year make a final settlement with the treasurer of each such city and town, or other municipal corporation, respecting the taxes for each and pay over to the treasurer of each city, town, or municipal corporation the money then due. The county treasurer shall pay over to the treasurer of each city, town or municipal corporation, in the same manner, as fast as realized or collected, the proportionate amount of delinquent taxes, interest, and costs, on all collections of delinquent taxes, and of and from tax sales and redemptions therefrom. . . . "

It will be seen that the interest and penalties on delinquent taxes due the municipalities are expressly set aside for the municipalities, and not for the county. The law continued in this condition for some years, when a question arose between plaintiff and the then treasurer of Maricopa county as to whether the interest and penalties on delinquent taxes of the district went to the general fund of the county under section 4924, *supra,* or whether it belonged to the district in the same manner as the tax itself. In the case of *Maricopa County Municipal Water Conservation Dist. No. 1* v. *Ward, Treasurer,* 35 Ariz. 541, 281 Pac. 465, we held that under the law as it then existed the district was entitled to all interest and penalties as well as to the tax itself. We based our opinion substantially on two grounds, (a) unless otherwise directed by the legislature, it is the rule that interest, penalties and costs on all delinquent taxes collected follow the tax, and (b) the provision in section 4924, *supra,* refers only to fees collected "under the provisions of this act," and the act referred to was title 49, *supra,* of the Code, which covers only the collection of state and county taxes, while the district taxes were collected by the authority of the Irrigation District Law, although the machinery of the general revenue law was used for the purpose of collection.

The 1928 revision of the Code made little or no change in the law affecting the situation as it existed at the time the Ward case, *supra,* was decided, nor did its subsequent amendment by chapter 46, Session Laws of 1929. But two years later the legislature adopted chapter 103, regular session of 1931. Therein the interest, penalties and fees annexed to the collection of delinquent taxes were materially changed in character and amount, and section 33 of the chapter read as follows:

"All moneys collected or received by the county treasurer pursuant to the provisions of this act as delinquent or back taxes shall be distributed by him in the same manner and proportions as he by law is required to distribute other taxes collected by him; provided, that interest, penalties, charges or fees collected in connection with the collection of taxes shall be credited to the general fund of the county."

Shortly thereafter an action was commenced by the city of Bisbee against the county of Cochise to recover certain interest, penalties and fees which it was alleged had been collected by Cochise county on delinquent taxes due to the city and retained by the county in its general fund. We held, in the case of *City of Bisbee* v. *Cochise County,* 44 Ariz. 233, 245, 36 Pac. (2d) 559, 563, that from 1917 until the enactment of chapter 103, *supra,* the statute expressly provided that the municipalities were entitled to all interest and costs accruing on delinquent taxes belonging to them as much as to the tax itself, but that section 33 of the act of 1931, *supra,* changed the law, stating,

"It is the rule of law that, in the absence of an express statute to the contrary, interest, penalties, and costs collected on delinquent taxes follows the tax, but the Legislature may change this rule and provide otherwise. *Maricopa County Municipal Water Conservation Dist.* v. *Ward,* 35 Ariz. 541, 281 Pac. 465. Since it has in its discretion explicitly enacted that the interest, penalties, charges, and fees collected in connection with the collection of delinquent taxes of every nature should no longer follow the tax but be credited to the general fund of the county, the plaintiff had no interest in any of the amounts collected for such purposes after June 12, 1931, and is not entitled to an accounting therefor."

The precise question before us is whether the rule laid down in the Ward case, *supra,* still applies to irrigation districts, or whether the change made in the distribution of interest, penalties and fees

in the collection of delinquent taxes in section 33 of chapter 103, *supra,* changed the law not only as to municipalities but as to irrigation districts. The question is not without its difficulties. On the one hand, the Irrigation District Law itself remains unchanged and the taxes of the district are still collected by its own treasurer, using the machinery set up by chapter 103, *supra,* and not by the county treasurer. On the other hand, the law no longer provides that only fees and costs collected under the provisions of the general revenue act itself go to the general fund, but states specifically that interest, penalties, charges and fees collected in connection with the collection of "taxes," and not "taxes collected under the provisions of this act" shall be credited to that fund. We have held in the *City of Bisbee* v. *Cochise County, supra,* that the legislature has taken away from the cities the interest and penalties which previously accrued to them. It seems unreasonable the intention was that the cities should lose this revenue while it is still to be retained by the irrigation districts. We think the purpose of the legislature, in changing the law, was to compensate the county for the expense to which it was put in collecting the delinquent taxes of the municipalities, and we see no reason why the same rule should not in reason apply to irrigation districts. It is true, as was held in the case of *Riverton Valley Drainage Dist.* v. *Fremont County,* 52 Wyo. 336, 74 Pac. (2d) 871, 114 A. L. R. 1093, that the counties are not entitled as a matter of right to be reimbursed for expenses of this nature, but it is also true that the legislature may, in its discretion, so provide. Taking everything into consideration, we believe that the change made in the law after the decision of the Ward case, *supra,* is indicative that the legislature intended that the counties should receive as reimbursement for the expenses to which they were put in the collection of all delin-

quent taxes, regardless of the source, any interest and penalties collected by them in connection therewith.

The judgment of the superior court of Maricopa county is affirmed.

ROSS, C. J., and McALISTER, J., concur.