# THE TOWNSHIP OF CUMMING v. THE COUNTY OF OGEMAW.

[See 93 Mich. 314.]

*Taxes—Accounting between county and township—Warrants on county treasurer—Payment—Estoppel—Notice.*

1. Section 72 of the tax law of 1889 (3 How. Stat. § 1170h1), which provided that the accounts between the State, the county, and each township should be adjusted on the basis of crediting and paying to each the taxes collected for each, treated the moneys arising from the collection of delinquent taxes, in the hands of the county treasurer, as a part of the funds for which the county must account to the several townships.

2. A township, being unable, by reason of the large amount of lands returned for delinquent taxes, to pay certain highway and contingent orders, issued to the holders of the orders, in lieu thereof, warrants on the county treasurer. The orders were thereupon surrendered and canceled, and the warrants delivered to the parties in whose favor they were drawn, and, on their presentation to the county treasurer, they were charged to the township. After the treasurer had paid two of the three warrants so issued, and a portion of the third warrant, without objection on the part of the township, the township board served a written notice on him not to pay any further moneys on the warrants, and that all delinquent taxes paid into the treasury, belonging to the township, be paid over to the township, and to it only. The treasurer, nevertheless, paid the balance due on the third warrant from such taxes. And, in a suit brought by the township against the county to recover the moneys paid on said warrants, it is held:

    *a*—That the arrangement made between the township and the county treasurer was void; but that, it having been partially carried out, and the township having had its debts paid to that extent, the township cannot, so far as payments were made before notice to the treasurer, now be heard to complain, and is in no position to recover that portion of its money back.

    *b*—That, as to the last payment, the county treasurer had no legal right to make it after the notice from the township; that this amount of the fund in the hands of the treasurer belonged to the township; that it came into his hands from

delinquent taxes, which the township was entitled to by return of its lands, and which the county treasurer was bound to pay over to the township treasurer, under the provisions of the statute; and that the township is entitled to judgment for this amount.

Error to Ogemaw.    (Simpson, J.)    Argued April 11, 1894.    Decided June 2, 1894.

*Assumpsit.* Plaintiff brings error.    Reversed, and judgment entered in favor of plaintiff for $437.91, and interest at 6 per cent. from November 12, 1890.    The facts are stated in the opinion.

*F. L. Snodgrass,* for appellant.

*W. A. Weeks* (*McDonell & Hall,* of counsel), for defendant.

Long, J.    On March 31, 1885, the township of Cumming was indebted to Louis Cumming in the sum of $125; to James McKeon, in the sum of $376.13; and to Alexander Folsom, in the sum of $996,—all for highway and contingent orders held by them against such township. By reason of the fact that a large part of the lands in the township were yearly returned to the county treasurer delinquent for taxes thereon, the money with which to pay these orders could not be realized until the county treasurer collected it from the delinquent taxes and by sales of such lands at the public sales held each year.    The township board and the holders of such orders realizing this fact, on March 31, 1885, the board made provision for the payment of the orders by issuing to each holder a warrant on the county treasurer for the amount of his claim.    Upon the issuing of such warrants, the orders so held against the township were taken up by the township board, canceled, and destroyed.    These warrants were presented to the county treasurer, as contemplated by the

arrangement, and by such officer were charged up to the township on his books, and payments made thereon, as follows: Louis Cumming, warrant presented April 3, 1885, and paid in full December 21 following; James McKeon, warrant presented May 15, 1885, and $300 paid thereon December 18 following, and the balance June 18, 1886; Alexander Folsom, warrant presented October 26, 1885, and one payment made thereon February 18, 1887, one February 27, 1889, and one November 12, 1890, making in all $697.82 paid, and leaving a balance still unpaid thereon of about $300, with interest. No complaint was ever made of this action of the township board or of the county treasurer in reference to the matter until May 3, 1890, when the township board of Cumming gave a written notice to the county treasurer not to pay any further moneys on said warrants, and that all delinquent taxes paid into the treasury, belonging to the township, be paid over to the township, and to it only. On January 8, 1891, a written demand was made upon the board of supervisors of the county, that it direct the county treasurer to pay over to the township all moneys so withheld from the township, including those that had been paid out upon these orders. The board of supervisors refused to give such direction, for the reason that it had on the previous day settled with the county treasurer. Suit in *assumpsit* was thereupon brought by the township against the county of Ogemaw to recover these moneys. A demurrer was interposed to the declaration, and sustained in the court below, the judgment reversed in this Court, and the defendant county given 20 days to plead issuably. The case is reported in 93 Mich. 314. The cause has now been tried, and, under the direction of the court, verdict rendered in favor of the defendant county. The township brings error.

The court below held that the plaintiff township, having

gained an advantage by having its debts paid to the extent that money had been paid, could not now come into court, and allege the illegality of the arrangement, after it had received this benefit. In this we think the court was correct, so far as the moneys were paid before the county treasurer had notice from the township not to make further payments. Such notice was given May 3, 1890, and yet the county treasurer paid to Folsom on November 12, 1890, the sum of $437.91. All the other payments were made before the notice was given. We think the arrangement made between the township board and the county treasurer was void, and of no effect; but it has been partially carried out, and the township has had its debts paid to that extent, and, so far as paid before notice, the township cannot now be heard to complain, and is in no position to recover its money back. The record contains no evidence that the original orders held by these parties were not valid claims against the township, and by which the township was bound.

As to the payment of the $437.91, the county treasurer had no legal right to make it after the notice from the township. This amount of the fund was in the hands of the county treasurer. It belonged to the township. It came into the hands of the county treasurer from delinquent taxes, which the township was entitled to by return of its lands there for sale. The county treasurer was bound to pay over this amount to the township treasurer, under the provisions of section 1170h1 of 3 Howell's Statutes, which provides for settlements between the State and counties, and between the counties and townships. This section seems to treat the moneys arising from delinquent taxes, in the hands of the county treasurer, as being a part of the funds for which the county must account to the townships. To this extent the court should have permitted a recovery. It is no answer to say that the board

of supervisors had made a settlement with the county treasurer before it had notice of the claims of the township. These moneys were wrongfully paid out by the county treasurer, and, in a settlement between the county and the township, must be accounted for by the county. The section of the statute above cited provides that—

"The accounts between the State, the county, and each township shall be adjusted on the basis of crediting and paying to each the taxes collected for each, with interest thereon," etc.

It is admitted that at the time of the trial there had been collected for the township, from such taxes, the sum of $437.91, but that it had been paid out to Folsom on his order. The payment over to Folsom being illegal, the township should have had judgment for that amount, under the facts shown.

The judgment below will be reversed, and judgment entered here for that amount, with interest from the date of payment to Folsom at 6 per cent. Plaintiff will recover costs of both courts.

The other Justices concurred.