**CAMPBELL COUNTY SCHOOL DISTRICT NO. 1, Appellant (Plaintiff),**

v.

**The BOARD OF COUNTY COMMISSIONERS OF the COUNTY OF CAMPBELL; and Campbell County Treasurer, in her official capacity, Appellees (Defendants).**

No. 93–245.

Supreme Court of Wyoming.

Nov. 7, 1994.

Francis E. Stevens of Stevens, Edwards and Hallock, P.C., Gillette, for appellant.

Russell A. Hansen, Campbell County Atty., Gillette, for appellees.

Before GOLDEN, C.J., and THOMAS, CARDINE,* and MACY,** JJ., and BROWN, J., Retired.

BROWN, Justice, Retired.

This case involves litigation between Campbell County School District No. 1 and the Board of County Commissioners of the County of Campbell and the Campbell County Treasurer with respect to the proper allocation of interest paid by taxpayers on delinquent taxes collected by the county treasurer.

Appellant, Campbell County School District No. 1 (School District), filed a complaint according to the Wyoming Declaratory Judgment Act against appellees, The Board of County Commissioners of the County of Campbell (Board) and the Campbell County Treasurer (County Treasurer). The complaint set forth claims regarding delinquency interest on taxes collected by the County Treasurer. The parties submitted stipulated facts and filed a joint motion for certification of issues to this court. The district court certified the issues specified by the parties to this court. The certified questions are:

> *ISSUE 1.* Is Campbell County School District entitled to its proportionate share of the delinquency interest on taxes collected pursuant to Wyo.Stat. § 39–3–101, (Supp.1990)?

*ISSUE 2.* If the answer to Issue 1 is in the affirmative, is Campbell County School District entitled to judgment against the Board of County Commissioners of Campbell County for its proportionate share of interest received by the county since July 1, 1989?

*ISSUE 3.* If the answer to Issue 2 is affirmative, is Campbell County School District entitled to prejudgment interest?

*ISSUE 4.* Does the Governmental Claims Act, Wyo.Stat. § 1–39–101, (Supp.1988), et seq., apply to Issues 1, 2, and 3?

The County Treasurer is charged with receiving and distributing taxes from levies provided by statute for various entities within Campbell County, including the School District. Interest on delinquent taxes is provided for at eighteen percent per annum pursuant to Wyo.Stat. § 39–3–101(b) (1994). Before July 5, 1989, the County Treasurer was paying the School District its proportionate share of the interest received on the delinquent taxes.

On July 5, 1989, the Board voted to change the policy of allocating interest collected with delinquent taxes to various entities, including the School District. A determination was made that the delinquent interest collected by the County Treasurer should be credited to the county's general fund. The School District was notified of that decision by a letter dated July 14, 1989 from the County Treasurer. From July 1, 1989 to the present, the County Treasurer has received interest paid by taxpayers on delinquent taxes pursuant to Wyo.Stat. § 39–3–101.[1] The interest received has been placed in the county's general fund and not paid to the School District.

Since July 1, 1989, the County Treasurer has received interest on delinquent taxes on school district bond levies for principal sums

---

* Retired July 6, 1994.

** Chief Justice at time of oral argument.

1. The tax levies involved are:

> (A) A twenty-five mill school district levy authorized by Wyo.Stat. § 21–13–102(a)(i)(A) (1992 & Cum.Supp.1994).
>
> (B) An optional school district levy of up to three mills authorized by Wyo.Stat. § 21–13–102(a)(i)(B).

> (C) A six mill county levy authorized by Wyo.Stat. § 21–13–201 (1992).
>
> (D) A school capital maintenance levy authorized by Wyo.Stat. § 21–13–102(a)(i)(C).
>
> (E) A Board of Cooperative Educational Services (BOCES) levy authorized by Wyo.Stat. § 21–20–109(a) (1992).
>
> (F) A general county school tax authorized by Wyo.Stat. § 21–13–205 (1977) (repealed by Wyo.Sess.Laws ch. 43, § 2 (1981)).

established pursuant to Wyo.Stat. § 21–13–713 (1992). The interest for those delinquent taxes has also been placed in the county's general fund and not paid to the School District's bond and interest accounts.

The July 1989 decision to deposit delinquent tax collections into the county general fund was counselled by an Attorney General's memorandum opinion and by a formal Attorney General's opinion expressing similar guidance to state governmental officers. With the circulation of the memorandum opinion, the School District requested assurance that the County Treasurer was adhering to the specifications of that memorandum opinion. The opinions from the Attorney General, especially the formal opinion to the State Treasurer and State Auditor, resulted in an open meeting consideration of the resolution of July 5, 1989. Delinquency interest collections by the County Treasurer were thereafter placed in the county's general fund and budgeted and spent accordingly.

Correspondence dated February 14, 1991 was sent from Ed L. Wright, the School District's Associate Superintendent for Instructional Support, to the Board and the County Treasurer questioning their policy with respect to the delinquency interest. On July 16, 1993, the School District submitted an itemized demand for those sums claimed to be due as interest on delinquent taxes. The claim was denied by the Board. The School District's complaint was filed and the issues were certified to this court.

*Bd. of Co. Com'rs of the County of Laramie v. Laramie County Schl. Dist. No. One,* 884 P.2d 946 (Wyo.1994) (hereinafter referred to as *"Laramie County School Dist. No. One"*) was published contemporaneously with this case. *Laramie County School Dist. No. One* involved interest earned when the county treasurer collects a wide variety of taxes and interest on other revenues belonging to a school district. The case before us concerns a narrower issue; that is, the additional amount paid by taxpayers when delinquent taxes are paid. However, many of the things said in *Laramie County School Dist. No. One* are applicable here.

## INTEREST ON DELINQUENT TAXES

In certified question number one, we are asked:

Is Campbell County School District entitled to its proportionate share of the delinquency interest on taxes collected pursuant to Wyo.Stat. § 39–3–101, (Supp.1990)?

In *Laramie County School Dist. No. One,* we considered the problem of interest with respect to seventeen or more different funds belonging to school districts. *Laramie County School Dist. No. One,* 884 P.2d at 951 n. 2. We held that interest earned from taxes constituting elements of the "county school fund" and interest from taxes resulting from levies by the school district must be distributed by the county treasurer to the school district according to the mandate of Wyo.Stat. § 21–13–207 (1992). *Laramie County School Dist. No. One,* 884 P.2d at 952.

In *Laramie County School Dist. No. One,* we identified interest from taxes and other revenues, the disposition of which was not specifically provided for by statute. *Id.* at 952. The disposition of interest on delinquent taxes, Wyo.Stat. § 39–3–101, is not specifically provided for by statute. In *Laramie County School Dist. No. One,* 884 P.2d at 952, we determined that the disposition of interest not specifically provided for by statute, including delinquency interest, was an accretion or increment to the fund earning such interest and follows those funds.

*Tacoma School Dist. No. 10 v. Hedges,* 13 Wash. 69, 42 P. 522 (1895) supports our determination. The Washington Supreme Court, after stating the general rule that absent any statute to the contrary, the penalty and interest follow the tax, succinctly stated: "It follows that the rule first stated must obtain, and that it must be held that the penalty and interest are a part of the tax collected, and must be disposed of with it." *Id.* at 523.

A function of the legislature is to allocate and direct the payment of interest on delinquent taxes. *Riverton Valley Drainage Dist. v. Board of County Com'rs of Fremont County,* 52 Wyo. 336, 74 P.2d 871, 875 (1937).

In *Riverton Valley Drainage Dist.*, 74 P.2d at 873 (*quoting* 61 C.J. 1528), we held that " 'unless otherwise directed, interest, penalty and costs collected on delinquent taxes follow the tax, and go to the state, county or city, according as the one or the other is entitled to the tax itself.' That has been held to be true in the case of a drainage or similar district."

■ The Wyoming legislature, however, has made no provision for any allocation of the interest on delinquent taxes in Wyo.Stat. § 39–3–101 or in any related provisions. Absent that direction, the general rule applies which, logically, is that the interest on the delinquent taxes follows the tax. The reason for the rule that the interest follows the tax is that the entity entitled to the tax monies suffers the loss of revenue from nonpayment of taxes.

The rule was addressed in an action involving the allocation of interest on delinquent taxes between the State of Colorado and a county within Colorado. The Court of Appeals of Colorado followed the general rule in stating:

> As the state owns the tax withheld, as it suffers the loss and inconvenience through its being in default, as our statute makes no express disposition of the interest accruing during the delinquency, we think it reasonable, just, and in accordance with the legislative intent that the interest should follow, and does follow, the tax * * *.

*Board of Com'rs of County of Prowers v. People,* 17 Colo.App. 519, 69 P. 73, 74 (1902).

The interest on the delinquent taxes is not the revenue of the county and the county is without authority to withhold this interest from the school district. On those taxes assessed for separate entities such as the school district, the county merely acts as a trustee and agent for collection. As trustee and agent for collection, it must pay over all sums collected. *City of New Orleans v. Fisher,* 180 U.S. 185, 195–98, 21 S.Ct. 347, 352, 45 L.Ed. 485 (1901); *Board of Educ. of Granite School Dist. v. Salt Lake County,* 659 P.2d 1030, 1035 (Utah 1983).

■ Wyo.Const. art. 15, § 13 states: "No tax shall be levied, except in pursuance of law, and every law imposing a tax shall state distinctly the object of the same, to which only it shall be applied." Taxes must be "applied" for the purpose for which they are levied. As the authority cited herein establishes the general rule that the interest is part of the taxes, the interest on the taxes must be "applied" for the same purpose.

Courts in other states have applied similar constitutional provisions and set aside the diversion of interest on school district funds as being improper. *Mears v. Little Rock School Dist.,* 268 Ark. 30, 593 S.W.2d 42 (1980); *Independent School Dist. No. 1 of Tulsa County v. Board of County Com'rs of Tulsa County,* 674 P.2d 547 (Okla.1983). These cases, although not distinguishing between general school taxes, school bond taxes, or addressing interest on delinquent taxes, held that interest, whether it be earned on the tax while held by the treasurer or paid with delinquent taxes by the taxpayer, is part of the tax levied and should be applied in the same manner. *Mears,* 593 S.W.2d at 44; *Independent School Dist. No. 1 of Tulsa County,* 674 P.2d at 550.

The Board contends that the express mention of the payment of interest to community colleges in Wyo.Stat. § 39–4–101(a)(v) (1994) is a directive to not pay interest to the school districts.[2] This argument overlooks the fact

---

2. Wyo.Stat. § 39–4–101 provides, in pertinent part:

(a) The county treasurer shall keep accurate records of taxes collected for each governmental entity for which a tax levy is made pursuant to W.S. 39–2–401 and shall pay the taxes collected to the treasurer of each governmental unit or settle accounts with the county commissioners as hereafter provided:

 *  *  *  *  *  *

 (iv) To school districts as provided by W.S. 21–13–207;

 (v) On the second Monday of each month *including all interest received* in the case of community colleges;

 (vi) On November 10, January 10 and May 10 for all other governmental entities.

 *  *  *  *  *  *

(c) Upon sale of property for the nonpayment of taxes, the proceeds thereof shall be distributed as follows:

 (i) The portion attributable to school district levies is payable to the proper school district;

that Wyo.Stat. §§ 21–13–207 and 39–4–101 were both a part of the same act, i.e., Wyo. Sess.Laws ch. 136 (1983). The legislature provided for payment to the school districts "with interest earned thereon" at the same time it provided for payment of property taxes in accordance with Wyo.Stat. § 21–13–207. The School District contends that it would have been redundant to include interest in Wyo.Stat. § 39–4–101(a)(iv).

Litigants and courts frequently employ convoluted, strained, and anomalous reasoning and theories in an effort to fathom and explain the "doings" of the legislature. We often impute some intent to the legislature when there was no intent one way or another. Stated another way, the legislature just did not think about the problem that the litigants or courts conjured up.

It may be more honest if we are straightforward about what the legislature intended and simply say we do not know. There is no useful legislative history in Wyoming. The simple reading of Wyo. Stat. §§ 21–13–207 and 39–4–101 does not suggest to us any manifest intent with respect to the disposition of interest on taxes. Approaching these statutes from another direction, we may get a better idea what the legislature did not intend. We do not think it intended to countermand the common law rule that interest follows the tax funds that earned the interest. Nor do we believe that the legislature intended to create a special rule with respect to community colleges' entitlement to interest to the exclusion of other entities entitled to tax funds and interest or penalties by way of interest that may accrue. There is no rational reason for making a special rule for community colleges unless they have a more effective lobby.

*Laramie County School District No. One,* 884 P.2d at 956.

We answer certified question number one as: Yes, the School District is entitled to its proportionate share of the delinquency interest collected pursuant to Wyo.Stat. § 39–3–101.

> (ii) The portion attributable to a levy by a city or town is payable to the proper city or town;

In certified question number two, we are asked:

> If the answer to Issue 1 is in the affirmative, is Campbell County School District entitled to judgment against the Board of County Commissioners of Campbell County for its proportionate share of interest received by the county since July 1, 1989?

We have recognized the propriety of judgments regarding tax allocation questions between governmental entities. *Simons v. Laramie County School Dist. No. One,* 741 P.2d 1116, 1117 (Wyo.1987); *Board of Com'rs of Big Horn County v. Byron Drainage Dist.,* 52 Wyo. 417, 75 P.2d 759, 764 (1938); *Riverton Valley Drainage Dist.,* 74 P.2d at 876. A judgment against the Board would be proper in this case except we have decided, for reasons we will explain, that our decision here should be prospective.

In *Laramie County School Dist. No. One,* 884 P.2d at 956, we determined that the school district was entitled to interest earned by tax revenues and delinquencies. In that case, however, we determined our decision should be prospective. In support of the prospective application, we considered restitution principles set out in Restatement of Restitution §§ 62 and 142 (1937). *Laramie County School Dist. No. One,* 884 P.2d at 957–959. We also considered a variation of the so-called "budget defense." *Id.* at 959. Finally, we took into consideration the financial burden on the county and the potential for a proliferation of litigation. *Id.* at 957–959. A combination of these principles caused us to determine that our decision regarding interest be prospective. *Id.* at 959.

In addition to the combination of principles contained in *Laramie County School Dist. No. One,* we must consider the good faith reliance by the County Treasurer upon advice from the Attorney General to the effect that the County Treasurer was in fact distributing monies in compliance with the law.

> (iii) *The balance is payable to the county general fund.*
> (Emphasis added.)

We conclude, therefore, *a fortiori* that our opinion here be prospective.

In certified question number three, we are asked:

> If the answer to Issue 2 is affirmative, is Campbell County School District entitled to prejudgment interest?

We have not provided for a money judgment in this case; it necessarily follows that prejudgment interest need not be considered.

## WYOMING GOVERNMENTAL CLAIMS ACT

■ The fourth certified question asks whether the Governmental Claims Act is applicable to the School District's claims. In *Laramie County School Dist. No. One,* 884 P.2d at 951, we held that the Wyoming Governmental Claims Act (Wyo.Stat. §§ 1–39–101 through 1–39–120 (1988 & Cum.Supp. 1994)) was not applicable to an action between two governmental entities (Laramie County School District No. One and Laramie County) when the relief sought was a declaration of rights and liabilities and for the recovery of monies that should have been distributed to the school district in the first instance. In support of our determination in that case, we cited *Simons,* 741 P.2d at 1119.

Consistent with our decision in *Laramie County School Dist. No. One,* we hold that the Wyoming Governmental Claims Act is not applicable to the claims in this case.

### SUMMARY

We answer the certified questions as follows:

*ISSUE 1.* Is Campbell County School District entitled to its proportionate share of the delinquency interest on taxes collected pursuant to Wyo.Stat. § 39–3–101, (Supp.1990)?

**ANSWER: Yes.**

*ISSUE 2.* If the answer to Issue 1 is in the affirmative, is Campbell County School District entitled to judgment against the Board of County Commissioners of Campbell County for its proportionate share of interest received by the county since July 1, 1989?

**ANSWER: Yes, but for equitable reasons, judgment not proper.**

*ISSUE 3.* If the answer to Issue 2 is affirmative, is Campbell County School District entitled to prejudgment interest?

**ANSWER: Not applicable.**

*ISSUE 4.* Does the Governmental Claims Act, Wyo.Stat. § 1–39–101, (Supp.1988), et seq., apply to Issues 1, 2, and 3?

**ANSWER: No.**